Springfield Hospital v. Hoffman

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of November, two thousand twelve.

Present:        DENNIS JACOBS,
                            *Chief Judge*,
                ROSEMARY S. POOLER,
                PETER W. HALL,
                            *Circuit Judges*.

_____

SPRINGFIELD HOSPITAL,
                            *Plaintiff-Appellant*,

        -v-                                                                  11-3574-cv

ROBERT HOFMANN, Secretary, Vermont Agency of Human Services, SUSAN BESIO, Director, Office of Vermont Health Access,

                            *Defendants-Appellees*.

_____

Appearing for Appellant:      Michael A. Duddy, Kelly, Remmel & Zimmerman, Portland, Me.

Appearing for Appellee:       David R. Cassetty, Assistant Attorney General, Office of the Attorney General for the State of Vermont (William H. Sorrell, Attorney General; Jana M. Brown, Assistant Attorney General, *on the brief*)

Appeal from the United States District Court for the District of Vermont (Reiss, *J.*).

        **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Springfield Hospital (the "Hospital") appeals from the April 9, 2010 decision and order of the United States District Court for the District of Vermont (Reiss, *J.*) granting in part and denying in part defendants' motion to dismiss; and the August 4, 2011 opinion and order granting defendants' motion for summary judgment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The Hospital challenges the district court's finding that it lacked a private cause of action under the relevant Medicaid statutes sufficient to state a claim pursuant to Section 1983. The Hospital's Section 1983 claim rests on alleged violations of 42 U.S.C. § 1396a(a)(13)(A),42 U.S.C. § 1396a(a)(30), 42 U.S.C. § 1396r-4, and related federal regulations. As the district court properly found, the Hospital's claims are foreclosed by our decision in *New York Ass'n of Homes and Servs. for the Aging, Inc. v. DeBuono*, 444 F.3d 147 (2d Cir. 2006) ("*DeBuono*"). As established by *DeBuono*, "health care providers have no enforceable federal rights under §§ 1396a(a)(13)(A) and 1396a(a)(30)(A)." *Id.* Moreover, section 1396r-4, which was not at issue in *DeBuono*, lacks the rights-creating language that would imply a private cause of action. *See Children's Seashore House v. Waldman*, 197 F.3d 654, 659-60 (3d Cir. 1990).

The Hospital also contends that the district court erred in dismissing its claims brought pursuant to the Supremacy Clause. Count V of its complaint alleges that the Defendants' new DSH payment methodology, "is preempted by federal law under the Supremacy Clause." The Hospital argues that the state's actions taken to implement the new payment methodology fail to comply with the procedural or substantive requirements of the Medicaid Act, conflict with federal law, and are therefore preempted. However, as the district court properly found, the Hospital failed to plead that a Vermont law conflicts with a federal law, but instead pleads that the DSH rate calculation, made by a division of Vermont's executive branch, fails to comply with federal law. The Supremacy Clause claim was properly dismissed. Moreover, the Hospital cannot maintain an action for a declaratory judgment without an underlying federal cause of action. *See In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir. 1993) (no independent cause of action grounded in the Declaratory Judgment Act). A prayer for relief, standing alone, simply does not satisfy the requirement that a case or controversy exist. *Id. at 731; see also National Fire Union Ins. Co. of Pittsburgh, Pa. v. Karp*, 108 F.3d 17, 21 (2d Cir. 1997).

We have examined the remainder of the hospital's arguments and find them to be without merit. While we are not unsympathetic to the Hospital's lack of a remedy, we are bound by the law Congress creates, as well as our own precedent.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2